[Cite as *State ex rel. Striker v. Cline*, 2011-Ohio-983.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL., | : | JUDGES: |
| RALEIGH M. STRIKER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | |
| CLERK OF COURT, | : | Case No. 09CA107 |
| ALYCE F. CLINE | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Motion for Sanctions - Attorney Fees

JUDGMENT:                                  Granted

DATE OF JUDGMENT ENTRY:        March 4, 2011

APPEARANCES:

For Relator                                    For Respondent

LORI ANN MCGINNIS                   JOHN T. MCLANDRICH
1209 East Main Street                  JAMES A. CLIMER
Ashland, OH  44805                      FRANK H. SCIALDONE
                                                   TAMI Z. HANNON
                                                   CARA M. WRIGHT
                                                   100 Franklin's Row
                                                   34305 Solon Road
                                                   Cleveland, OH  44139

*Farmer, J.*

{¶1}    This matter came before this court upon respondent's July 12, 2010 motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11.

{¶2}    An oral hearing as well as an evidentiary hearing was set for January 4, 2011.  Both parties presented affidavits in lieu of evidence and oral arguments were heard.  This court granted the parties additional time to brief relator's newly identified issue relative to the impact of the payment of attorney fees to an insurance defense firm.

{¶3}    Respondent's request for attorney fees is limited to the numerous motions filed by relator concerning respondent's attorneys.   It is relator's position that respondent, as an elected municipal court clerk, should only be represented by the law director for the city, and it is error to permit respondent to chose her own attorneys. The attorneys representing respondent in this action are defense attorneys provided by respondent's insurance carrier.

{¶4}    On September 3, 2009, appellant filed a writ of mandamus against respondent regarding the Public Records Law.  On October 15, 2009, respondent filed an answer.

{¶5}    On October 30, 2009, relator filed a motion to strike, claiming the law firm was unknown and unrecognized, had no justification for appearing in the case, and any and all motions and pleadings filed by the law firm constituted vexatious litigation.  On November 23, 2009, relator again filed a motion to strike, claiming the law firm was a vexatious litigator and not retained by respondent.  This court denied both motions by judgment entry filed December 4, 2009.

{¶6} On December 9, 2009, relator filed a motion to reconsider, again challenging the law firm as respondent's proper representation. This court denied this motion by judgment entry filed January 8, 2010.

{¶7} On January 21, 2010, relator filed a motion for more definite statement and motion for permissive joinder, again challenging the issue of the law firm's representation of respondent, and requesting to join the law firm as a party. This dual motion once again argued the same issues previously rejected by this court. This court denied these motions by judgment entry filed February 18, 2010.

{¶8} On February 24, 2010, relator filed a "Memorandum in Support of Definite Statement" and "Memorandum in Opposition to Summary Judgment," again accusing the law firm of vexatious and frivolous litigation, and requesting respondent to explain her rationale in retaining the law firm. For some eight pages in his memorandum in support of definite statement, relator regurgitated the same arguments, and ended by citing to the law firm as "contemptuous in cause and interposed solely for delay." In his memorandum in opposition to summary judgment, appellant argued the law firm "was not acting under color of state law" and "has not produced any such contract or other verifiable evidence to support the existence of said private contract." This court denied the motion for definite statement by judgment entry filed March 19, 2010.

{¶9} On April 13, 2010, relator filed a "Reply to Respondent Brief," again arguing the issue of respondent's representation, despite the fact that the reply's purpose was to address the underlying writ of mandamus under the Public Records Law. This court denied the writ of mandamus by opinion and judgment entry filed June

21, 2010, wherein we addressed relator's continued objections to the law firm as follows:

{¶10} "The remaining three 'Propositions of law' relate to Relator's contention the Law Director of the City of Shelby was required to represent Respondent rather than private counsel. This Court has already overruled Relator's motion regarding this issue. Further, the Law Director of the City of Shelby has not been named as a party in this action. Relator cites no authority for the proposition that Respondent has a duty to use the law director as counsel. For this reason, the requested writ of mandamus is denied." *State ex rel. Striker v. Clerk of Court,* Richland App. No. 09CA107, 2010-Ohio-3592, ¶40.

{¶11} The opinion filed by this court on June 21, 2010 listed incorrect counsel for respondent. We issued a "Nunc Pro Tunc" on August 3, 2010 to correct the typographical error on the cover page.

{¶12} On July 6, 2010, relator filed an "Application for Reconsideration" and an "Application for *En Banc* Consideration," arguing the following:

{¶13} "The Relator now moves this court for definite statement and reconsideration as to who is representing Respondents and when those practitioners of law first lawfully appeared in the above captioned matter. Additionally Relator, again, moves the Court to issue a Default Judgment, in accordance with Civ R. 55, as the Respondent or council for the Respondent never appeared in this action within the statutory time limits of Civ. R.12."

{¶14} This court denied these motions by judgment entry filed August 20, 2010. On September 14, 2010, relator filed a notice of appeal of this court's opinion and judgment entry filed August 3, 2010.

{¶15} Pursuant to R.C. 2323.51(B):

{¶16} "***any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section."

{¶17} R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as follows:

{¶18} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

{¶19} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶20} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

{¶21} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶22}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

**{¶23}** Civ.R. 11 governs the signing of pleadings, motions, or other documents and states the following in pertinent part:

**{¶24}** "The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.  If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served.  For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.  Similar action may be taken if scandalous or indecent matter is inserted."

**{¶25}** During the pendency of the motion for sanctions, relator filed a motion for relief from judgment on November 5, 2010, again arguing the issue of respondent's representation:

**{¶26}** "The continuous refusal of this tribunal to speak on such issues and due course of law, no matter how discordantly on an individual basis, would create the untenable situation in which individual respondents would be represented differently pending this Court's exception to rule as to who is and who will be attorneys

representing the Respondents in this action. The Relator believes this is an unacceptable behavioral pattern practiced by this tribunal which must be avoided; hence, to apply the law as written in this case and every case."

{¶27} We note relator appeared pro se until the setting of the hearing on sanctions when he retained Lori McGinnis, Esq. Attorney McGinnis made a valiant effort to excuse relator's persistence on the representation issue, claiming the complexity of the issue and relator's basic need to have the issue explained to him. We find despite these thirteenth-hour protestations, the above cited language from relator's motions and memorandums demonstrate a total disregard for the appellate process and procedures. Further, relator has demonstrated purposeful attempts to thwart and slow down the judicial process.

{¶28} We find no fault with relator's first attempt to clarify in his own mind the advent of the present law firm, despite the fact that the docket indicated a notice of appearance by the law firm filed September 18, 2009 which was timely filed pursuant to Civ.R. 12(A)(1), and same was served upon relator on September 11, 2009.

{¶29} The repeated filings after the initial denial on December 4, 2009 constitute frivolous conduct pursuant to R.C. 2323.51. Attorney fees are a proper sanction.

{¶30} Relator objects to or raises the issue of the right of an insurance-defense firm hired by respondent's insurance carrier to collect attorney fees. If attorney fee sanctions were not permitted to be awarded to insurance-defense attorneys, there would be no teeth to the statute or rule.

{¶31} Relator also argues that a third party will benefit by not having to pay for the law firm work in defense of frivolous conduct. We do not see that to be the case.

An insurance contract which provides a defense is a contract between the principal (respondent in this case) and the carrier.  Respondent paid for the insurance contract and is entitled to their defense.  Someone will pay the attorneys for their labor.  In general, the insurance carrier bears the burden and therefore is entitled to recoup the rewards if sanctions are granted.

{¶32}  Upon review, we find relator owes as sanctions the generated attorney fees from December 4, 2009 forward.  Attorney fees as sanctions are awarded in favor of respondent as against relator in the amount of $3,503.00.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

s/ Sheila G. Farmer_____

 s/ W. Scott Gwin _____

 s/ Patricia A. Delaney_____

JUDGES

SGF/sg 207

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE EX REL.,
RALEIGH M. STRIKER                          :
                                            :
        Relator                             :
                                            :
-vs-                                        :              JUDGMENT ENTRY
                                            :
CLERK OF COURT,                             :
ALYCE F. CLINE                              :
                                            :
        Respondent                          :              CASE NO. 09CA107


        For the reasons stated in our accompanying Memorandum-Opinion, the

requested motion for sanctions is granted.  Relator shall pay respondent attorney fees

in the amount of $3,503.00.  Costs to relator.



                                            s/ Sheila G. Farmer_____



                                             s/ W. Scott Gwin  _____



                                             s/ Patricia A. Delaney_____

                                                    JUDGES