THE STATE EX REL. STRIKER, APPELLANT, *v.* CLINE,

CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Striker v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350.]

*R.C. 2323.51—Court of appeals did not abuse its discretion in awarding attorney*

*fees to party after determining that opposing party's conduct in repeatedly*

*relitigating an issue after first raising it unsuccessfully constituted*

*frivolous conduct under R.C. 2323.51.*

(No. 2011-0571—Submitted September 6, 2011—Decided October 19, 2011.)

APPEAL from the Court of Appeals for Richland County,

No. 09CA107, 2011-Ohio-983.

_____

**Per Curiam.**

{¶ 1}  This is an appeal from a judgment entered by the court of appeals awarding appellee, Shelby Municipal Court Clerk Alyce F. Cline, $3,503 in attorney fees as sanctions pursuant to R.C. 2323.51 for the frivolous conduct of appellant, Raleigh M. Striker, in a public-records mandamus case.  Because the court of appeals did not abuse its discretion in awarding the clerk attorney fees for Striker's frivolous conduct, we affirm the judgment.

**Facts**

{¶ 2}  In September 2009, Striker filed a pro se complaint in the Court of Appeals for Richland County for a writ of mandamus to compel the respondents, the clerk and the city of Shelby, Ohio, to make certain records available for inspection and copying under R.C. 149.43, the Ohio Public Records Act.  On September 16, 2009, attorney Jon K. Burton, of the law firm Renwick, Welsh & Burton, filed a "notice of delivery of public records" on behalf of the city.  A couple days later, attorneys James A. Climer and Cara M. Wright of the law firm

Mazanec, Raskin, Ryder & Keller Co., L.P.A., entered a notice of appearance on behalf of the clerk and the city. They later filed an answer on behalf of the respondents.

{¶ 3} On October 30, 2009, Striker filed a motion to strike the documents that the Mazanec law firm had filed on behalf of the respondents. Striker claimed that under R.C. 733.51, Shelby Law Director Richard L. Shepherd had a duty to act as the respondents' attorney in the mandamus case and that the Mazanec law firm thus lacked authority to represent the respondents. Striker filed a second motion challenging the propriety of the Mazanec law firm's representation of the respondents. On December 4, 2009, the court of appeals denied Striker's motions, holding that "[w]hile R.C. 733.51 permits the law director to represent [the clerk], [Striker] cites no legal authority for the proposition [that the clerk] is not entitled to choose her own counsel."

{¶ 4} After the court of appeals denied his argument contesting the appropriateness of the Mazanec law firm's representation, Striker repeatedly raised the same issue—in an application for reconsideration, a memorandum in support of his motions for a definite statement and for permissive joinder, a memorandum in support of another motion for a definite statement, a memorandum in opposition to summary judgment, an initial merit brief, a reply brief, another application for reconsideration, and a motion for relief from judgment. Time after time, the court of appeals rejected the argument.

{¶ 5} On June 21, 2010, the court of appeals denied Striker's request for a writ of mandamus. *State ex rel. Striker v. Cline*, Richland App. No. 09CA107, 2010-Ohio-2861. Striker did not file a timely appeal from that judgment. Instead, he appealed from the court's August 3, 2010 nunc pro tunc entry, which had corrected a typographical error on the cover page of the opinion to reflect the correct counsel who represented the clerk. Striker also appealed from the court of appeals' August 31, 2010 denial of his application for a show-cause order relating

to the designation of counsel for the clerk. We dismissed both appeals. *State ex rel. Striker v. Cline*, 127 Ohio St.3d 1483, 2010-Ohio-6371, 939 N.E.2d 182; *State ex rel. Striker v. Cline*, 127 Ohio St.3d 1458, 2010-Ohio-6008, 938 N.E.2d 361.

{¶ 6} On July 12, 2010, the clerk and the city filed a motion in the court of appeals for sanctions against Striker under R.C. 2323.51 and Civ.R. 11. The respondents claimed that Striker had engaged in frivolous conduct in the public-records mandamus case by repeatedly claiming that the Mazanec law firm was not authorized to represent the respondents.

{¶ 7} The respondents submitted an affidavit of attorney Cara Wright of the Mazanec law firm in which she stated that the firm had billed $3,503 for the legal work related to Striker's frivolous conduct in the mandamus case. According to Wright, however, the attorney-fee bills "either have been paid or are in the process of being paid by the insurance company for Respondents." The respondents also submitted the affidavit of Lewis Parsenios, an employee of EMC/Hamilton Mutual Insurance Company, who stated that the city had incurred attorney fees of $312 that were not reimbursed by the insurance company under the city's insurance policy. The remainder of the attorney fees sought by the respondents in their motion for sanctions was paid by the insurance company.

{¶ 8} The respondents, the clerk and the city, argued that Striker should have to reimburse them for all the attorney fees paid, including those paid by the city's insurance company, or, at a minimum, the $312 that was not covered by the insurance policy.

{¶ 9} On March 4, 2011, pursuant to R.C. 2323.51, the court of appeals awarded the clerk $3,503 in attorney fees for responding to Striker's frivolous assertions in the public-records mandamus case. This cause is now before the court upon Striker's appeal as of right from that judgment.

**Legal Analysis**

*Sanctions under R.C. 2323.51:*

*Frivolous Conduct*

{¶ 10} Striker first contends that the court of appeals erred in awarding the clerk $3,503 in attorney fees pursuant to R.C. 2323.51. "R.C. 2323.51 provides for an award of attorney fees to a party harmed by 'frivolous conduct' in a civil action." *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, fn. 3; *State ex rel. Ohio Dept. of Health v. Sowald* (1992), 65 Ohio St.3d 338, 343, 603 N.E.2d 1017. The General Assembly vests the decision whether to award sanctions, including an award of reasonable attorney fees, in the court. R.C. 2323.51(B)(1) ("The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *").

{¶ 11} We will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion. See *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94, 98, 689 N.E.2d 552 ("trial court did not abuse its discretion in awarding attorney fees to the defendants that include fees incurred for the prosecution of the motion for sanctions"); see also *Resources for Healthy Living, Inc. v. Haslinger*, Wood App. No. WD-10-073, 2011-Ohio-1978, ¶ 26 ("the decision as to whether to impose sanctions under * * * R.C. 2323.51 rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion"); *Sopp v. Turner*, Franklin App. No. 10AP-25, 2010-Ohio-4021, ¶ 9 ("Appellate review of a trial court's award of attorney fees for frivolous conduct pursuant to R.C. 2323.51 is under the abuse-of-discretion standard, but the trial court's factual findings will not be disturbed if they are supported by competent, credible evidence"). To prove an abuse of discretion, Striker must establish that the court of appeals' award of attorney fees to the clerk was unreasonable, arbitrary, or unconscionable. *State ex rel. Cydrus v. Ohio Pub.*

*Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 28.

{¶ 12} Striker first claims that the court of appeals erred in ruling that his repeatedly raising the issue whether the clerk was authorized to have the Mazanec law firm represent her in the mandamus case constituted frivolous conduct. "Frivolous conduct" under R.C. 2323.51 includes:

{¶ 13} "(a) Conduct of a[] * * * party to a civil action * * * that satisfies any of the following:

{¶ 14} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶ 15} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

{¶ 16} The court of appeals held that Striker's "repeated [pro se] filings after the [court's] initial denial on December 4, 2009 constitute frivolous conduct pursuant to R.C. 2323.51" because they demonstrated "a total disregard for the appellate process and procedures" and further demonstrated his "purposeful attempts to thwart and slow down the judicial process." *State ex rel. Striker v. Cline*, Richland App. No. 09CA107, 2011-Ohio-983, ¶ 27, 29. The court of appeals found "no fault" with Striker's initial motions to strike raising the issue of the clerk's counsel. Id. at ¶ 28.

{¶ 17} The court of appeals did not err in so holding. Once the court of appeals definitively ruled on the matter by denying his motions to strike, however, Striker's repeated argument of the same issue on at least *eight* additional occasions in baseless motions and memoranda did nothing to advance the case or

preserve the matter for appellate review and served merely to harass, delay the judicial process, and increase the clerk's costs. A court does not abuse its discretion in determining that a party's conduct in repeatedly relitigating an issue after first raising it unsuccessfully constituted frivolous conduct under R.C. 2323.51. See *Mid-Ohio Mechanical, Inc. v. Eisenmann Corp.*, Guernsey App. Nos. 07 CA 000035 and 08 CA 00012, 2009-Ohio-5804, ¶ 140-142.

{¶ 18} Moreover, Striker's claim that Cline could not be represented by a private law firm lacked merit. Striker relies on R.C. 733.51, which states that "[t]he city director of law * * * shall serve the several directors and officers provided in Title VII of the Revised Code as legal counsel and attorney." Neither this provision nor anything in R.C. Title 7, however, specifies that a clerk of a municipal court is either a director or an officer. Cf. R.C. Chapter 733, relating to officers in cities and villages.

{¶ 19} Furthermore, R.C. 733.53 specifies that "[t]he city director of law, *when required to do so by resolution of the legislative authority of the city*, shall prosecute or defend on behalf of the city, all complaints, suits, and controversies in which the city is a party, and such other suits, matters, and controversies as he is, by resolution or ordinance, directed to prosecute." (Emphasis added.) But Striker never cited any resolution or ordinance of the city of Shelby that required the director of law to defend the clerk of the municipal court or the city in the public-records mandamus case. So this case is manifestly distinct from cases in which a city-charter provision imposes a duty on a law director to represent the city and its officers in all litigation. See *Cuyahoga Falls v. Robart* (1991), 58 Ohio St.3d 1, 567 N.E.2d 987, syllabus ("When a city charter provides for representation of the city by its law director in all lawsuits, the city has no authority to provide for the hiring of outside counsel, in place of the law director, to act on behalf of the city in particular litigation, unless the law director is ill, absent, or otherwise disqualified from acting"); see also Shelby Charter, Section

6

33, which, like R.C. 733.53, requires the city law director to prosecute and defend on behalf of the city only when the director is required to do so "by resolution of the council," http://www.amlegal.comnxt/gateway.dll/Ohio/shelby_oh/charter.

{¶ 20} Therefore, Striker's claim was also frivolous because it was not warranted under existing law, could not be supported by a good-faith argument for an extension, modification, or reversal of existing law, and could not be supported by a good-faith argument for the establishment of new law. R.C. 2323.51(A)(2)(a)(ii).

{¶ 21} Striker argues that because the court of appeals did not explicitly find that he had any *subjective* bad faith, the court erred in finding that he had engaged in frivolous conduct. Not so. "R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed for frivolous conduct." *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948, 896 N.E.2d 191, ¶ 8.

{¶ 22} The court of appeals properly determined that Striker had engaged in frivolous conduct that would authorize an award of reasonable attorney fees against him pursuant to R.C. 2323.51.

*Sanctions under R.C. 2323.51:*

*Reasonable Attorney Fees Incurred*

{¶ 23} Striker next asserts that the court of appeals abused its discretion by awarding $3,503 in attorney fees when the city paid only $312 in attorney fees. Under R.C. 2323.51(B)(1), "[t]he court may assess and make an award to any party to the civil action or appeal who was *adversely affected* by frivolous conduct," and the award may include "reasonable attorney's fees * * * *incurred* in connection with the civil action or appeal." (Emphasis added.)

{¶ 24} Although the city paid only $312 in attorney fees, the full amount of $3,503 in attorney fees was incurred by the city and the insurance company acting on behalf of the city in defending the clerk against the frivolous assertions

Striker made in his public-records case. As the court of appeals explained, "the insurance carrier * * * is entitled to recoup the rewards if sanctions are granted." 2011-Ohio-983, at ¶ 31.

{¶ 25} Therefore, because the reasonable attorney fees incurred as a result of Striker's frivolous assertions were $3,503, the court of appeals did not abuse its discretion in awarding the clerk that amount under R.C. 2323.51(B)(1). A contrary interpretation would penalize parties that have the foresight to obtain liability insurance and would condone frivolous conduct against them. We refuse to construe the frivolous-conduct statute to produce such an unreasonable result. See *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 26 (courts construe statutes and rules to avoid unreasonable or absurd results).

*Public-Records Mandamus Claims*

{¶ 26} In his final two propositions of law, Striker contests the court of appeals' June 21, 2010 denial of his public-records mandamus claims. "The Supreme Court Rules of Practice govern appeals from a court of appeals to the Supreme Court." *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 10. "To perfect an appeal from a court of appeals to the Supreme Court, * * * the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed." S.Ct.Prac.R. 2.2(A)(1)(a). Except as provided in divisions of the rule that are inapplicable here, "the time period designated in this rule for filing a notice of appeal * * * is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal." S.Ct.Prac.R. 2.2(A)(1)(b).

{¶ 27} Striker attempts to improperly use his timely appeal from the court of appeals' March 4, 2011 judgment granting sanctions against him pursuant to R.C. 2323.51 to challenge the court of appeals' June 21, 2010 judgment denying

his public-records mandamus claims. But the June 21, 2010 judgment was a final, appealable order, and Striker failed to timely appeal it. Therefore, we lack jurisdiction to consider the merits of his propositions of law concerning that judgment.

### Conclusion

**{¶ 28}** Based on the foregoing, we affirm the judgment of the court of appeals finding that Striker had engaged in frivolous conduct and awarding the clerk $3,503 in attorney fees.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Lori Ann McGinnis, for appellant.

Mazanec, Raskin, & Ryder Co., L.P.A., John T. McLandrich, James A. Climer, Frank H. Scialdone, and Cara M. Wright, for appellees.

_____