[Cite as *Guerrieri v. Brys*, 2014-Ohio-1178.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICHELLE GUERRIERI, | ) | |
| | ) | |
| PETITIONER-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 7 |
| V. | ) | |
| | ) | OPINION |
| DAVID A. BRYS, M.D., | ) | |
| | ) | |
| RESPONDENT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 12CV368

JUDGMENT: Affirmed

APPEARANCES:
For Petitioner-Appellee          Attorney Marshall D. Buck
                                 100 Federal Plaza East, Suite 926
                                 Youngstown, Ohio 44503

For Respondent-Appellant         David A. Brys, M.D., Pro-se
                                 2785 Timbercreek Dr., N147 N. Mecca St.
                                 Cortland, Ohio 44410

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 17, 2014

DONOFRIO, J.

{¶1} Respondent-appellant, David Brys, appeals from a Mahoning County Common Pleas Court judgment overruling his motion for sanctions against petitioner-appellee, Richelle Guerrieri, and her counsel.

{¶2} On February 8, 2012, appellee filed a "petition for protection order in menacing by stalking" against appellant. According to her petition, appellee is a court stenographer for the Trumbull County Common Pleas Court and, because of her position and the outcome of a civil trial in which appellant was involved, was threatened by appellant. The trial court issued an ex parte stalking civil protection order the same day.

{¶3} Months later, appellee filed a withdrawal of her petition. The trial court granted the withdrawal of the petition, withdrew the ex parte stalking civil protection order, and dismissed the case on October 10, 2012.

{¶4} On November 7, 2012, appellant, acting pro se, filed a motion for sanctions against appellee, appellee's counsel Marshall Buck, and Atty. Buck's law firm. In his motion, appellant alleged "the most extreme form of frivolous conduct imaginable in the filing and maintaining of a fraudulent *ex-parte* stalking order for over seven (7) months for the purpose of covering up criminal misconduct for which the Respondent is one of several victims."

{¶5} The trial court overruled appellant's motion for sanctions in a one-line judgment entry.

{¶6} Appellant filed a timely notice of appeal on February 4, 2013.

{¶7} Appellant, still acting pro se, now raises two assignments of error. Due to the similarity between the assignments of error, we will address them together. They state:

THE TRIAL COURT COMMITTED A PROCEDURAL ERROR IN VIOLATION OF A STATUTORY MANDATE IN NOT GRANTING APPELLANT'S REQUEST FOR A HEARING ON HIS R.C. 2323.51 MOTION FOR "REASONABLE EXPENSES" WHERE APPELLANT'S MOTION DEMONSTRATED UNDISPUTED AND UNOPPOSED

PRIMA FACIE MERIT.

IF DISCRETION BE STATUTORILY ALLOWED THE TRIAL COURT ABUSED SUCH DISCRETION WHEN IT ARBITRARILY DENIED APPELLANT'S UNOPPOSED REQUEST FOR A HEARING ON HIS R.C. 2323.51 MOTION FOR "REASONABLE EXPENSES."

**{¶8}** Appellant argues that the trial court erred in overruling his motion without first holding a hearing on the matter. He claims that R.C. 2323.51 mandates that the court hold a hearing. Appellant asserts that appellee misused the civil protection order (CPO) process as part of a scheme to cover up criminal activity of public officials in Trumbull County.

**{¶9}** A trial court has sound discretion to determine whether to award sanctions under R.C. 2323.51. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶10. We cannot reverse the trial court's decision on this matter absent an abuse of that discretion. *Id.* at ¶11. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** R.C. 2323.51 governs the award of attorney fees and costs for frivolous conduct. It allows for an award of attorney fees incurred by a party who was subjected to frivolous conduct. R.C. 2323.51(B)(1). The statute provides the trial court must hold a hearing before *awarding* attorney fees for frivolous conduct. (Emphasis added); R.C. 2323.51(B)(2).

**{¶11}** But the statute does not require the court to hold a hearing when it determines, in its discretion, that the motion lacks merit. *Bigelow v. Nguyen*, 7th Dist. No. 08 CO 48, 2009-Ohio-3325, ¶24. A trial court abuses its discretion by denying a motion for sanctions without holding a hearing if the "record clearly evidences frivolous conduct" or if "an arguable basis exists for an award of sanctions." *Bikkani v. Lee*, 8th Dist. No. 89312, 2008-Ohio-3130, ¶31.

**{¶12}** "Frivolous conduct" includes conduct of a party to a civil action that

satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶13} In her initial petition for a CPO, appellee asserted the following. Appellee was the court reporter in the Trumbull County Common Pleas Court case of *Harris, et al. v. Engin Tech Corp.*, Case No. 2004 CV 648. Appellant and Reggie Huff were the owners of Engin Tech. The trial resulted in a verdict against Engin Tech for defrauding investors. After the trial, appellant and Huff instituted criminal investigations and other proceedings against the trial court judge, the judges of the Eleventh District Court of Appeals, and appellee. Appellant and Huff attempted to have an arrest warrant issued against appellee. Appellant and Huff threatened to abduct appellee by force and against her will. Appellant and Huff have gone to appellee's place of business and attempted to harass appellee and her co-workers. The harassment and threats presented by appellant and Huff caused appellee to fear

for her safety. Appellee attached a copy of a letter marked "confidential" to her petition. The letter was directed to the attention of the Warren City Law Director and detailed how "the lawful citizens arrest" of appellee "can and will occur" and is signed by appellant and Huff. The letter also states appellee will be "taken by force if necessary to the Warren Municipal Court."

{¶14} Based on this petition, the trial court granted the ex parte stalking CPO on February 8, 2012.

{¶15} Seven months later, appellee filed a motion to withdraw the CPO as to appellant. She noted that she was not moving to withdraw the CPO in another case against Huff.

{¶16} The trial court put on a judgment entry stating appellee had filed to withdraw her petition for a CPO against appellant in case 12 CV 367. The court noted it should have been filed in this case, 12 CV 368. The court then granted appellant's request and dismissed the case.

{¶17} Given the allegations set out in appellee's petition, her conduct in requesting a stalking CPO was not frivolous conduct. At the time she filed her petition, appellee believed appellant and Huff had threatened to abduct her against her will and had made their intentions known to the Warren City Law Director and appellant had shown up at her workplace and attempted to harass appellee and her co-workers. These actions caused appellee to fear for her safety. Appellee even attached "proof" of appellant's threat to "take her by force" in the form of a copy of the letter appellant had signed and given to the Warren City Law Director. Given appellee's beliefs and fears at the time she filed her petition, her conduct was not frivolous.

{¶18} Furthermore, once appellee no longer considered appellant a threat, she moved to withdraw her petition. She was sure to note that she was not withdrawing her petition for a protective order against Huff.

{¶19} Thus, we cannot conclude that the trial court abused its discretion in denying appellant's motion for sanctions without holding a hearing. Based upon the

above considerations, the record does not clearly evidence frivolous conduct.

**{¶20}** Accordingly, appellant's first and second assignments of error are without merit.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.