[Cite as *Bilbaran Farm, Inc. v. Sandusky St. Invests., L.L.C.*, 2018-Ohio-299.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BILBARAN FARM, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17 CAE 06 0042 |
| | : | |
| SANDUSKY STREET INVESTMENTS, LLC. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
                             of Common Pleas, Case No. 16-CVH-
                             11-0703

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      January 24, 2018

APPEARANCES:

For Plaintiff-Appellant:               For Defendant-Appellee:

WILLIAM PAUL BRINGMAN                   H. RITCHEY HOLLENBAUGH
7100 North High Street, Suite 101       RYAN S. BUNDY
Worthington, OH 43085-2316              366 East Broad Street
                                        Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant Bilbaran Farm, Inc. appeals the May 25, 2017 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant-Appellee Sandusky Street Investments, Inc. is the fee-simple owner of property located at 17 West William Street in Delaware, Ohio. Plaintiff-Appellant Bilbaran Farm, Inc. is the fee-simple owner of property located at 18 South Sandusky Street in Delaware, Ohio. Both parties are subject to a July 30, 2001 easement agreement where the 17 West William Street parcel would have a non-exclusive easement for ingress and egress as well as limited parking over certain portions of the 18 South Sandusky Street in return for an annual $300.00 payment.

{¶3} On November 26, 2016, Bilbaran filed a complaint against Sandusky in the Delaware County Court of Common Pleas alleging Sandusky failed to make the $300.00 easement payment for the 2016 calendar year. The complaint also sought declaratory judgment that the easement was void and cancelled.

{¶4} Sandusky filed an answer and counterclaim on December 28, 2016. Sandusky alleged that on December 8, 2016, it sent a letter to Bilbaran along with two $300.00 easement checks for the 2016 and 2017 calendar years. In its counterclaim, Sandusky sought declaratory judgment asking the trial court to affirm the validity of the easement or, if the trial court determined the easement was void, to determine that Sandusky was entitled to an easement by necessity over portions of 18 South Sandusky Street.

{¶5} Bilbaran voluntarily dismissed its complaint without prejudice on January 13, 2017.

{¶6} On January 31, 2017, Bilbaran filed a motion for extension to respond to Sandusky's answer and counterclaim. The trial court granted the motion.

{¶7} On February 27, 2017, Bilbaran filed a motion to dismiss pursuant to Civ.R. 12(B)(6) in lieu of an answer. Sandusky voluntarily dismissed its answer and counterclaim two days later.

{¶8} On March 25, 2017, Bilbaran filed a motion seeking sanctions against Sandusky pursuant to R.C. 2323.51. In its motion, Bilbaran contended that Sandusky's counterclaim (1) was not supported by the evidence, (2) was merely meant to harass the plaintiff and increase the cost of litigation, and (3) was not warranted under existing law.

{¶9} On May 19, 2017, the trial court held an evidentiary hearing. The only witness at the hearing was counsel for Sandusky. Counsel testified the counterclaim was filed to preserve Sandusky's right to utilize the easement. Bilbaran requested in its complaint that the trial court declare the easement void. In the event the trial court found the easement void, Sandusky requested the trial court find the easement existed by necessity. While Bilbaran dismissed its complaint, counsel testified he was not confident Bilbaran would accept the tendered easement payments and concerned that Bilbaran would refile the complaint. It was for these reasons Sandusky was reluctant to dismiss its counterclaim after Bilbaran voluntarily dismissed its complaint. After Bilbaran filed its motion to dismiss, counsel consulted with Sandusky and determined the cost of pursuing the counterclaim at that time outweighed the need to proceed with the counterclaim. Sandusky's counterclaim was then dismissed.

{¶10} On May 25, 2017, the trial court denied Bilbaran's motion for sanctions.

{¶11} It is from this judgment Bilbaran now appeals.

## ASSIGNMENT OF ERROR

{¶12} Bilbaran raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED IN DENYING THE MOTION OF APPELLANT FOR A FRIVOLOUS CONDUCT SANCTIONS AGAINST DEFENDANT, ITS ATTORNEYS AND ITS ATTORNEYS' LAW FIRM HEREIN."

## ANALYSIS

{¶14} Bilbaran contends in its sole Assignment of Error that the trial court erred in denying its request for sanctions pursuant to R.C. 2323.51. We disagree.

{¶15} Bilbaran based his frivolous conduct motion on R.C. 2323.51(B)(1), which states as follows:

Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶16} Frivolous conduct is statutorily defined as conduct that (1) serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation; (2) conduct that is not warranted under existing law, or cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law; or (3) conduct that consists of allegations that have no evidentiary support. *Carbone v. Nueva Construction Group, L.L.C.*, 8th Dist. Cuyahoga No. 103942, 2017–Ohio–382, ¶ 21, citing R.C. 2323.51(A)(2)(a).

{¶17} We have recognized that "[n]o single standard of review applies in R.C. 2323.51 cases." *Croxton v. Maggiore*, 5th Dist. Stark No. 2016CA00165, 2017–Ohio–1535, ¶ 68, citing *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist.1996). A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Croxton*, *supra*, citing *Ferron v. Video Professor, Inc.*, 5th Dist. Delaware No. 08–CAE–09–0055, 2009–Ohio–3133, ¶ 44. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Id.* However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. *Id.* A trial court's decision on whether to actually award sanctions under R.C. 2323.51 is reviewed under a standard of abuse of discretion. *See State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 957 N.E.2d 19, 2011–Ohio–5350, ¶ 11.

{¶18} We have reviewed the record in this case and find the trial court's May 25, 2017 judgment entry denying Bilbaran's request for sanctions thoroughly analyzed each of Bilbaran's arguments.

{¶19} Bilbaran first argued Sandusky's counterclaim stating it was entitled to an easement was not supported by the evidence. The trial court rejected this argument because the facts established that counsel permissibly relied upon the representations of its client that without the easement, its property would be landlocked. "It is not frivolous conduct for an attorney to reasonably rely on the representations of his or her client." *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 31 (1st Dist.).

{¶20} Bilbaran next argued Sandusky's counterclaim merely served to harass Bilbaran by causing unnecessary delay or a needless increase in the cost of litigation. The trial court found Bilbaran failed to present any evidence to support his argument. Further, the counterclaim was supported by law because counsel testified he filed the counterclaim to preserve Sandusky's right to the easement. Sandusky ultimately chose to dismiss the counterclaim when considering the costs of litigation.

{¶21} Bilbaran finally argued Sandusky's counterclaim was on its face frivolous because it did not sufficiently satisfy the elements for a declaratory judgment. The trial court examined Sandusky's claim that it was entitled to a declaration the easement was valid, or in the alternative, it was entitled to an easement by necessity. Pursuant to R.C. 2721.02 and Civ.R. 8(A), the trial court found Sandusky's counterclaim met the procedural requirements for declaratory judgment and a counterclaim.

{¶22} We have the reviewed the record and upon our consideration of the trial court's factual determinations and legal conclusions under our somewhat blended

standard of review, we find no error by the trial court to deny Bilbaran's request for sanctions.

{¶23} Bilbaran's sole Assignment of Error is overruled.

## CONCLUSION

{¶24} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

J. Wise, J. and

Baldwin, J., concur.