[Cite as *Collier v. Collier*, 2018-Ohio-3596.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

RESHAM COLLIER NKA MENNINGER,

Plaintiff-Appellant,

v.

PAUL R. COLLIER, JR.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 HA 0010.**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. DRA-2012-0024

**BEFORE:**
Gene Donofrio, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed in Part. Reversed and Remanded in Part.

---

*Atty. Dan Guinn*, Guinn Law Firm, LLC, P.O. Box 804, New Philadelphia, Ohio 44663, for Plaintiff-Appellant, and
*Atty. David Vukelic*, 500 Market Street, Suite 10, Steubenville, Ohio 43952, for Defendant-Appellee.

Dated:
September 5, 2018

**Donofrio, J.**

{¶1} Plaintiff-appellant, Resham Menninger (f.k.a. Collier), appeals from a Harrison County Common Pleas Court judgment granting additional parenting time to defendant-appellee, Paul Collier, with the parties' daughter and modifying appellee's child support order.

{¶2} The parties were married on September 22, 2005, and divorced on January 2, 2013. During the marriage, the parties adopted two children who are now emancipated. A third child was born as issue of their marriage. At issue in this case is the custody of their youngest child S.C. (born August 2006).

{¶3} In the divorce decree, appellant was named S.C.'s residential parent. Appellee was to have visitation every other weekend and Mondays after school. In the years following the divorce, the parties filed numerous motions for contempt and on other matters against each other.

{¶4} On August 6, 2014, appellee filed a motion for reallocation of parental rights and responsibilities seeking custody of S.C. and of the parties' middle child (T.C.) in addition to a motion for contempt. The parties eventually reached an agreement, which the court adopted on November 17, 2015. Per the agreed entry, appellee was granted custody of T.C. and appellant was to retain custody of S.C. Appellee was to have the standard order of visitation with S.C.

{¶5} On March 29, 2017, appellee filed another motion for a reallocation of parental rights and responsibilities seeking custody of S.C. In his motion, appellee also requested "any other relief the court deems just and equitable."

{¶6} Appellant filed a motion for attorney fees. She pointed out that the parties were in court less than two years prior when appellee filed his first motion for a change in custody. She claimed that nothing had changed since appellee's prior motion was resolved by an agreed judgment entry. Therefore, she asserted that appellee's motion was frivolous.

{¶7} The trial court appointed a guardian ad litem (GAL) for S.C. and set the matter for an evidentiary hearing. At the hearing, the court heard testimony from both parties, the GAL, and two of S.C.'s siblings. It also interviewed S.C. in chambers.

{¶8} The court denied appellant's motion for attorney's fees. In so doing, it found appellee had grounds for his motion due to changes in circumstances since his 2015 motion. It noted that S.C. had reached adolescence and was able to clearly articulate her desire to reside with appellee. It further noted that appellant had married a convicted violent offender who was now a permanent member of her household.

{¶9} But the trial court found insufficient evidence to reallocate parental rights and responsibilities. It found that S.C. was succeeding and her needs were being met with appellant as her residential parent. Nonetheless, the court found it was appropriate to modify visitation. In making this finding, the court noted that S.C. had expressed her desire to spend more time with appellee. It also found that in the past, appellant has arbitrarily disregarded appellee's parenting rights. And the court found that the standard order of visitation was not adequate in light of the animosity and lack of cooperation between the parties. Therefore, the trial court ordered that appellee is to have visitation with S.C. every other week from Sunday at 6:00 p.m. until the following Sunday at 6:00 p.m., in other words, a week-on/week-off visitation schedule.

{¶10} Additionally, in light of the new visitation schedule, the court modified appellee's child support obligation to a "zero order."

{¶11} Appellant filed a timely notice of appeal on November 22, 2017. She now raises three assignments of error.

{¶12} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN AWARDING THE FATHER ADDITIONAL PARENTING TIME SINCE HE FILED A MOTION FOR CUSTODY AND NO CHANGE IN CIRCUMSTANCES WAS FOUND.

{¶13} Appellant argues the trial court erred in granting appellee additional parenting time because he filed a motion for a change in custody and did not file a motion for increased visitation. She points out that there was no change in circumstances, which is a prerequisite for a change in custody. Appellant goes on to argue at length why the evidence did not demonstrate a change in circumstances. She spends some time explaining that even though her husband has a criminal record,

appellee was aware of this fact for some time and it did not constitute a change in circumstances.

**{¶14}** Appellant further argues that appellee never asked the court to increase his parenting time. Thus, she claims the trial court lacked the authority to do so.

**{¶15}** Moreover, even if the court did have the authority to make such a change, appellant contends that the increase in appellee's visitation is not in S.C.'s best interest. She asserts the evidence was that appellee does what S.C. wants and provides her with more fun while she is the parent who ensures that S.C. does chores, goes to school, and eats properly.

**{¶16}** We review a trial court's decision to modify visitation for abuse of discretion. *Braatz v. Braatz*, 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (1999). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶17}** First, we note that appellant spends a considerable amount of time arguing that the evidence did not demonstrate a change in circumstances. But a change in circumstances is only a prerequisite for a change in custody. R.C. 3109.04(E)(1)(a). It is not a prerequisite for modifying a visitation schedule. *Braatz*, 85 Ohio St.3d at 45. Therefore, it is irrelevant as to this assignment of error whether the evidence demonstrated a change in circumstances.

**{¶18}** Next, we must address appellant's argument that appellee only asked for a change in custody, not a modification of visitation. While appellee's motion certainly sought a change in custody, appellee also requested "any other relief the court deems just and equitable." This request for relief can be construed as including a request for an increase in visitation in the event the trial court did not grant the requested change in custody.

**{¶19}** Modification of visitation rights is governed by R.C. 3109.051. *Braatz*, 85 Ohio St.3d at 44-45. A trial court must consider the factors listed in R.C. 3109.051(D) and has the discretion to then determine whether or not a modification in visitation is in the best interest of the child. *Id.* at 45.

**{¶20}** The R.C. 3109.051(D) factors are:

(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity * * *;

(2) The geographical location of the residence of each parent and the distance between those residences * * *;

(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent * * * or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

(7) The health and safety of the child;

(8) The amount of time that will be available for the child to spend with siblings;

(9) The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

(11) In relation to parenting time, whether either parent previously has been [convicted of or pleaded guilty to any criminal offense involving an abused child or a neglected child or perpetrated abuse or neglect];

(12) [Deals only with non-parents] * * *;

(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

(15) [Deals only with non-parents] * * *;

(16) Any other factor in the best interest of the child.

{¶21} In rendering its decision, the trial court addressed many of the applicable factors as follow. The court interviewed S.C. in chambers and found that she wished to reside with appellee (R.C. 3109.051(D)(6)). S.C. is 12 years old (R.C. 3109.051(D)(4)). Both homes provide adequate space and sustenance for S.C. (R.C. 3109.051(D)(7)). There are no issues of neglect, abuse, or mistreatment at either parent's home (R.C. 3109.051(D)(11)). Appellee is more likely to follow visitation schedules and communicate with appellant (R.C. 3109.051(D)(10)). Appellant is more likely to make independent parenting decisions without input from appellee and is more likely not to follow the court's order (R.C. 3109.051(D)(10)). In the past, appellant has arbitrarily disregarded appellee's parenting rights (R.C. 3109.051(D)(13)). Appellant has strict rules and schedules concerning hygiene, academics, and chores (R.C. 3109.051(D)(16)). Appellee is more relaxed and not as regimented in his discipline (R.C. 3109.051(D)(16)). Appellant has a new spouse with a felony criminal record of violence (R.C. 3109.051(D)(16)). S.C. does not express fear or apprehension about appellant's spouse (R.C. 3109.051(D)(16)).

{¶22} Thus, the trial court carefully considered the applicable best interest factors. The court's consideration of these factors, which support its decision, demonstrate that the court did not abuse its discretion in deciding to increase appellee's visitation.

{¶23} Accordingly, appellant's first assignment of error is without merit and is overruled.

Case No. 17 HA 0010

**{¶24}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY FEES TO THE MOTHER.

**{¶25}** Here appellant contends the trial court should have awarded her attorney fees because she claims appellee's motion was frivolous. She points out that the parties agreed on November 17, 2015, after appellee filed a motion for a change in custody, that she would continue to be S.C.'s custodial parent and appellee would have parenting time in accordance with the standard order of visitation. Yet appellee filed another motion a year and a half later again alleging that S.C. wanted to live with him. Appellant claims it was not right for appellee to wait a year and then file another motion raising the same allegations.

**{¶26}** A trial court has broad discretion to determine whether to award attorney fees as a sanction under R.C. 2323.51. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19.

**{¶27}** R.C. 2323.51 governs the award of attorney fees and costs for frivolous conduct. It allows for an award of attorney fees incurred by a party who was subjected to frivolous conduct. R.C. 2323.51(B)(1). "Frivolous conduct" includes conduct of a party to a civil action that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i).

**{¶28}** In denying appellant's motion for attorney's fees, the trial court found that appellee had grounds to file his motion. Specifically, the court found that S.C. had now reached adolescence and was able to clearly articulate her desire to reside with appellee. Moreover, the court found that appellant had now married a convicted violent offender, making him a permanent member of her household. The court found that these two changes of circumstances constituted reasonable grounds for appellee to file his motion.

**{¶29}** The trial court did not abuse its discretion in determining not to award attorney fees to appellant. The court cited two significant changes that had occurred

since appellee filed his previous motion for a change in custody. And even though the court did not order a change in custody, this does not mean appellee's motion was frivolous. Moreover, the trial court did decide to increase appellee's visitation. So appellee's motion was, at least partially, successful.

**{¶30}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶31}** Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN DEVIATING THE FATHER'S CHILD SUPPORT OBLIGATION TO ZERO.

**{¶32}** In her final assignment of error, appellant asserts the trial court should not have modified appellee's child support obligation to zero. First, appellant points out that the court did not attach a child support calculation worksheet to its judgment entry to show what child support would have been without a deviation, which she contends is contrary to R.C. 3119.22. Additionally, she asserts that based on the evidence at the hearing, the trial court could not have made a child support calculation since there was no evidence presented as to income, health insurance, or other financial matters.

**{¶33}** We review matters concerning child support for abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997); *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

**{¶34}** Pursuant to R.C. 3119.02:

In any action in which a court child support order is issued or modified * * * the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code.

**{¶35}** Moreover, the court may order an amount of child support that deviates from the amount calculated on the child support worksheet through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in R.C. 3119.23, the court determines that the amount calculated would be unjust or

inappropriate and would not be in the best interest of the child. R.C. 3119.22. And if the court deviates, it "must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.22.

{¶36} Appellant is correct that there was no evidence presented at the hearing as to the parties' income, health insurance, or other financial matters. The evidence was solely focused on whether there was a change in circumstances and S.C.'s best interests. Thus, there is no evidence for us to review.

{¶37} Courts have held that when the appellate court can conduct a meaningful review of the trial court's judgment without a child support worksheet, the absence of the worksheet does not amount to reversible error. *Mayberry v. Mayberry*, 10th Dist. No. 15AP-160, 2016-Ohio-1031, ¶ 16, citing *Longo v. Longo*, 11th Dist. No.2008-G-2874, 2010-Ohio-3045, ¶ 35-36. In this case, in addition to no worksheet, there is also no evidence.

{¶38} At first glance it may seem equitable that if S.C. is now going to be spending half of her time with appellant and half of her time with appellee, then there should be no child support obligation. But for the trial court to simply make this determination without any evidence or findings as to the parties' income, health insurance, and other financial matters and without completing a child support worksheet, was an abuse of discretion.

{¶39} Accordingly, appellant's third assignment of error has merit and is sustained.

{¶40} For the reasons stated above, the trial court's judgment as to child support is hereby reversed and the matter is remanded for the trial court to complete a child support worksheet and then enter a new judgment on the issue of child support. The court's judgment is hereby affirmed in all other respects.

Robb, P., J, concurs
Bartlett, J, concurs

Case No. 17 HA 0010

---

For the reasons stated in the Opinion rendered herein, the first and second assignments of error are without merit and are overruled. The third assignment of error has merit and is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas, of Harrison County, Ohio, is reversed in part and the matter is remanded solely for the trial court to complete a child support worksheet and then enter a new judgment on the issue of child support. The court's judgment is affirmed in all other respects. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**